

HARPER & HEIM, Lawyers
Jon Stanley Heim, Cal. State Bar No. 105808
Marilyn A. Harper, Cal. State Bar No. 263219
7250 Redwood Boulevard, Suite 300
Novato, CA  94945
Telephone (415) 761-8700
Facsimile (510) 964-7661

Attorneys for Plaintiffs Auto International Insurance
Agency, Inc., Erick Pena, and Richard Wetzel

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

Unlimited Jurisdiction

| | |
|---|---|
| AUTO INTERNATIONAL INSURANCE AGENCY, INC., ERICK PENA, and RICHARD WETZEL,<br><br>Plaintiffs,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD, and DOES 1 to 15,<br><br>Defendants. | Case No.  8:22-cv-01584-FWS-ADS<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  Breach of Contract<br>2.  Breach of Duty of Good Faith and Fair Dealing<br>3.  Declaratory Relief |

Plaintiffs Auto International Insurance Agency, Inc. ("AIIA"), Erick Pena, and Richard Wetzel file this First Amended Complaint pursuant to a stipulation and order for correction of a misnomer of AIIA, and otherwise reiterate their allegations as follows.

### First Cause of Action – Breach of Contract

1. AIIA is a California corporation in good standing which transacts insurance production and motor vehicle registration business from its principal place of business in Santa Ana, Orange County, California.  Plaintiffs Erick Pena and Richard Wetzel are employees and agents of AIIA.

2. Plaintiffs are informed, they believe, and they therefore allege that defendant Sentinel Insurance Company, Ltd. is a corporation doing insurance business from its principal place of business in Hartford, Connecticut.

3. The true identities and capacities of the defendants sued as Does 1 to 15 are unknown to plaintiffs,

HARPER & HEIM, Lawyers

1  who therefore sue those defendants by those fictitious names.  Plaintiffs are informed, they believe,

2  and they therefore allege that, as an agent of Sentinel or otherwise, each Doe defendant did the acts

3  and made the omissions alleged in this complaint and is legally responsible in some manner for the

4  acts, omissions, events, and damages alleged in this complaint.

5      4. On June 23, 2021, Sentinel issued to AIIA the Spectrum Policy attached as Exhibit 1 to this

6  complaint.

7      5. On February 10, 2022, plaintiffs were served with the First Amended Complaint ("FAC") in

8  Ariana's Insurance Services, Inc. v. Auto International Insurance Agency, Inc., U.S.D.C., C.D. Cal., No.

9  8:22-cv-00174-JLS-ADS (the "Covered Action").  The FAC is attached as Exhibit 2 to this complaint.

10      6. The FAC alleges acts by plaintiffs which are covered by the Spectrum Policy which occurred

11  during the policy period.

12      7. On February 18, 2022, AIIA tendered the FAC to Sentinel and demanded that it defend plaintiffs in

13  and against the Covered Action.

14      8. On March 25, 2022, Sentinel breached the Spectrum Policy by denying plaintiffs a defense in and

15  against the Covered Action and by denying that it had a duty to defend plaintiffs in and against the

16  Covered Action.

17      9. As a legal result of Sentinel's breach of contract, plaintiffs sustained general and consequential

18  damages.  Plaintiffs were and are left and compelled to defend the Covered Action themselves with

19  their own money.  In doing so, plaintiffs already have incurred tens of thousands of dollars in attorney

20  fees and litigation costs.  The Covered Action and these expenditures continue.

21              Second Cause of Action – Breach of Duty of Good Faith and Fair Dealing

22      10. Plaintiffs reallege and incorporate here paragraphs 1 through 9 of this complaint.

23      11. On April 6, 2022, AIIA's counsel sent to Sentinel the letter attached as Exhibit 3 to this complaint.

24      12. At least twice, the Sentinel responded that it had "elevated" Exhibit 3 and plaintiffs' demand for

25  defense against the Covered Action, and that it was investigating them.

26      13. On July 15, 2022, plaintiffs' counsel sent to Sentinel the email attached as Exhibit 4 to this

27  complaint.

28      14. Implied in and arising from the Spectrum Policy is the duty in tort of good faith and fair dealing,

HARPER & HEIM, Lawyers

1  by which, among other obligations, Sentinel must perform its defense and other obligations under the

2  Spectrum Policy in good faith, put and protect the legal rights and interests of plaintiffs as insureds

3  over Spectrum's own interests, investigate claims under the policy in a timely, fair, and objective

4  manner, and respond promptly to communications about claims.

5     15. Sentinel breached its duty of good faith and fair dealing under the Spectrum Policy, by denying

6  plaintiffs a defense against the Covered Action, failing to investigate plaintiffs' claim fairly, objectively,

7  or in a timely manner, and leaving and compelling plaintiffs to defend against the Covered Action

8  themselves for several months and apparently indefinitely, all without legal basis, lawful reason, or

9  probable cause.

10     16. As a legal result of Sentinel's tortious breach of the duty of good faith and fair dealing, plaintiffs

11  suffered and continue to suffer general and special damages which they will prove at trial.

12     17.  Sentinel's tortious breach of the duty of good faith and fair dealing was intentional, willful, and

13  malicious, and was done in conscious disregard of plaintiffs' rights.  Plaintiffs are entitled to punitive

14  damages in a sum commensurate with Sentinel's culpability and wealth.

15  Third Cause of Action – Declaratory Relief

16     18. Plaintiffs reallege and incorporate here paragraphs 1 through 8 of this complaint.

17     19. An actual, justiciable controversy has arisen and now exists between plaintiffs and Sentinel, in

18  that plaintiffs contend, and Sentinel denies that it has a duty to defend plaintiffs against the Covered

19  Action.

20     20. The Covered Action remains pending and has not yet been set for trial.  A judicial declaration and

21  adjudication of the legal dispute and positions alleged in paragraph 19 is necessary and appropriate, so

22  that plaintiffs may secure the defense they are due under the Spectrum Policy and so that plaintiffs

23  and Sentinel may know their respective legal rights and obligations under the Spectrum Policy as

24  applied to the Covered Action.

25     21. Plaintiffs desire and request a judicial declaration and adjudication of the legal dispute and

26  positions alleged in paragraph 19.

27  Prayer

28     22. Plaintiffs pray for a judgment and cost award in their favor and against Sentinel on their first,

HARPER & HEIM, Lawyers

segund, and third causes of action.

23. Plaintiffs pray for general and consequential damages on their first cause of action.

24. Plaintiffs pray for general, special, exemplary, and punitive damages on their second cause of action.

25. On their third cause of action, plaintiffs pray for a judicial declaration and adjudication that Sentinel has a duty to defend them against the Covered Action.

September 14, 2022

HARPER & HEIM, Lawyers
Attorneys for Plaintiffs Auto International Insurance Agency, Inc., Erick Pena, and Richard Wetzel

By Jon Stanley Heim